IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff/Respondent, | § | |
| | § | CIVIL ACTION NO. H-12-1699 |
| v. | § | (CRIMINAL NO. H-10-412-07) |
| | § | |
| JOSEPH LAMAR BROUSSARD, | § | |
| | § | |
| Defendant/Petitioner. | § | |

**MEMORANDUM OPINION AND ORDER**

The defendant, Joseph Lamar Broussard, has filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By A Person in Federal Custody (Docket Entry No. 392 in Crim. No. H-10-412).[1] Pending before the court is the United States' Motion for Summary Judgment Pursuant to Movant's Plea Agreement Waiver ("United States' Motion for Summary Judgment") (Docket Entry No. 418), to which Broussard has filed a Response (Docket Entry No. 424). The court has considered the parties' arguments and is persuaded that the United States' Motion for Summary Judgment should be granted.

The defendant's Plea Agreement (Docket Entry No. 200) states:

**Waiver of Appeal**

9. . . . Additionally, the defendant is aware that Title 28, U.S.C. § 2255, affords the right to contest or "collaterally attack" a conviction or sentence after the

---

[1]All docket entry references are to Criminal No. H-10-412.

conviction or sentence has become final. The defendant waives the right to contest his conviction or sentence by means of any post-conviction proceeding, **including but not limited to Title 28, U.S.C. §2255.**

Docket Entry No. 200 at pp. 6-7 ¶ 9 (emphasis in original).

At Broussard's rearraignment the following colloquy occurred:

THE COURT: When I call your case, please come forward and identify yourself.

United States versus Joseph Lamar Broussard, Criminal Action H-10-412.

. . .

I understand that [] you wish to plead guilty to the charge in Count 1, which charges you with conspiracy to possess with intent to distribute PCP in violation of Title 21, United States Code, Section 846.

Mr. Broussard, is that correct?

DEFENDANT BROUSSARD: Yes, sir.

. . .

THE COURT: . . . Would you please raise your right hand, [] and be sworn?

(Defendant[] sworn)

THE COURT: If you will [] please listen carefully. Before I can accept your guilty plea[], I must ask you a number of questions. It is very important that you listen carefully to all of my questions and that you answer all of my questions truthfully and completely for several reasons.

First, since you are now under oath, if you gave an untrue answer to a question, you could be charged with a separate crime of perjury.

Do [] you understand that?

DEFENDANT BROUSSARD: Yes, Your Honor.

. . .

THE COURT: Also, before I can accept your guilty plea, I must make a number of findings. My findings are based on your answers to my questions.

In order for my findings to be correct, it is therefore necessary that all of your answers be truthful and complete.

Do [] you understand that?

DEFENDANT BROUSSARD: Yes, Your Honor.

. . .

THE COURT: If you do not understand anything that I say today, will you please agree that you will stop and ask me to explain or clarify whatever you do not understand?

Mr. Broussard, will you agree to do that?

DEFENDANT BROUSSARD: Yes, Your Honor.

. . .

THE COURT: Also, [] you may stop at any time to speak with your [] attorney. You do not need anyone's permission to speak to your attorney.

. . .

THE COURT: How many times have you spoken with your attorney about this case?

DEFENDANT BROUSSARD: Numerous times.

THE COURT: Can you give me an approximate number?

DEFENDANT BROUSSARD: Between 10 to 12.

THE COURT: Has your attorney discussed with you the charges against you and what the government would have to prove to establish your guilt?

DEFENDANT BROUSSARD: Yes, Your Honor.

THE COURT: Has your attorney discussed with you the evidence that the government has against you?

DEFENDANT BROUSSARD: Yes, Your Honor.

THE COURT: Has your attorney discussed how the federal advisory sentencing guidelines might apply in your case?

DEFENDANT BROUSSARD: Yes, sir.

THE COURT: Has your attorney answered all of your questions?

DEFENDANT BROUSSARD: Yes, sir.

THE COURT: Has she done everything that you have asked her to do?

DEFENDANT BROUSSARD: Yes, sir.

THE COURT: Are you fully satisfied with the advice and counsel that your attorney has provided you?

DEFENDANT BROUSSARD: Yes, sir.[2]

. . .

THE COURT: Now, if you [] will please listen carefully. You do not have to plead guilty. You have a right to go to trial. If you went to trial, you would have the right to the assistance of an attorney. You would have the right to see and hear the government's witnesses and have your attorney question them. You would have the right to compel other people to come into court and provide evidence. You would not be required to testify. You could not be convicted unless the jury unanimously found beyond a reasonable doubt that you were guilty. If you plead guilty today, however, there will not be a trial and you will give up the right to a trial and all the protections that are associated with a trial.

---

[2]Transcript of Rearraignments Before the Honorable Sim Lake, United States District Judge, Docket Entry No. 415, p. 3 line 2 through p. 7, line 18.

. . .

THE COURT: Mr. Broussard, do you understand that?

DEFENDANT BROUSSARD: Yes, sir.

THE COURT: The minimum sentence that you face if you plead guilty is 10 years in prison. The maximum sentence that you face is life in prison. In addition to any period of imprisonment, you also face a fine of up to $10 million, at least five years of supervised release and a $100 special assessment.

Do you understand that, Mr. Broussard?

DEFENDANT BROUSSARD: Yes, sir.[3]

. . .

THE COURT: No determination has been made about what [] your sentence[] will be. If I accept your guilty plea, a probation officer will interview you, investigate the facts of the case and prepare a presentence investigation report. You will have a chance to read the report and discuss it with your attorney before your sentencing. You may file objections to the presentence report if you wish. At the time of your sentencing, I will rule on any objections that you or the government may have to the presentence report. I will then determine your advisory guideline range and your sentence.

What you need to understand today is that this process of determining your sentence has not yet begun. That means no one knows that advisory guideline range the probation officer will recommend or what advisory guideline range I will find applicable or what sentence I will impose.

Mr. Broussard, do you understand that?

---

[3]Transcript of Rearraignments Before the Honorable Sim Lake, United States District Judge, Docket Entry No. 415, p. 12 line 2 through p. 13 line 2.

DEFENDANT BROUSSARD: Yes, sir.

. . .

THE COURT: If the sentence that I should impose is greater than what you now anticipate or greater than the sentence that your lawyer or anyone else may have predicted, you will be bound by your guilty plea today, regardless of your sentence. You will not be allowed to change your mind and withdraw your guilty plea because you are not satisfied with your sentence.[4]

In order for the government to prove your guilt at trial, the government would have to show that two or more persons directly or indirectly reached an agreement to possess with intent to distribute PCP; that you knew of the unlawful purpose of that agreement and that you joined in the agreement willfully; that is, with the intent to further that unlawful agreement. And, finally, that the overall scope of the conspiracy involved 100 grams or more of PCP or one kilogram or more of a mixture containing a detectable amount of PCP.

Mr. Broussard, the government has furnished me with a copy of a plea agreement. Have you read the agreement before today?

DEFENDANT BROUSSARD: Yes, sir.

THE COURT: Have you discussed it with your attorney?

DEFENDANT BROUSSARD: Yes, sir.[5]

. . .

---

[4]Transcript of Rearraignments Before the Honorable Sim Lake, United States District Judge, Docket Entry No. 415, p. 13 line 22 through p. 14 line 24.

[5]Transcript of Rearraignments Before the Honorable Sim Lake, United States District Judge, Docket Entry No. 415, p. 14 line 25 through p. 15 line 14.

THE COURT: In paragraph nine of [] your agreement[], you acknowledge that even though you're pleading guilty, you would normally have the right to appeal your sentence or the manner in which it was imposed and you would normally have the right to contest or collaterally attack your conviction or sentence after the conviction or sentence had become final.

In this agreement, however, [] you agree[] to waive or give up your right to appeal the sentence imposed or the manner in which it was determined and [] you waive[] the right to contest your conviction or sentence by means of any post-conviction proceeding, including, but not limited to, one brought under Title 28, United States Code, Section 2255.

Mr. Broussard, have you discussed with your attorney those rights?

DEFENDANT BROUSSARD: Yes, sir.

THE COURT: And as a part of this plea agreement, do you wish to give up your right to appeal the sentence or the manner in which it was determined and the right to contest your conviction or sentence by means of any post-conviction proceeding?

DEFENDANT BROUSSARD: Yes, sir.[6]

. . .

THE COURT: In paragraph 12 of your agreement[], the government makes certain promises. As to [] you, the government agrees that you will receive a two-level downward adjustment for acceptance of responsibility and that if your total offense level is 16 or more, the government will seek an additional one-level downward adjustment for the timeliness of your plea.

---

[6]Transcript of Rearraignments Before the Honorable Sim Lake, United States District Judge, Docket Entry No. 415, p. 17 line 8 through p. 18 line 3.

> In Mr. Broussard's agreement, the government agrees it would dismiss Count 3 of the superseding indictment and will dismiss the original indictment at the time of the sentencing.

. . .

THE COURT: Now, Mr. Broussard, other than the factual basis for your guilty plea, which I will come to in a minute, have I correctly described your agreement with the United States as you understand it?

DEFENDANT BROUSSARD: Yes, sir.

THE COURT: Other than what is stated in this written plea agreement, has the United States government made any promises to you in connection with your guilty plea?

DEFENDANT BROUSSARD: No, sir.

THE COURT: Has anyone threatened you or forced you to plead guilty?

DEFENDANT BROUSSARD: No, sir.

THE COURT: Has anyone promised you what your sentence will be if you plead guilty?

DEFENDANT BROUSSARD: No, sir.

THE COURT: The plea agreement, Mr. Broussard, states in paragraph 16 that the government could prove the facts contained in that paragraph, among others, to establish your guilt at trial.

Mr. Broussard, have you carefully read pages 12, 13 and 14 of your plea agreement?

DEFENDANT BROUSSARD: Yes, sir.

THE COURT: Are all of the facts stated there true?

DEFENDANT BROUSSARD: Yes, sir.

THE COURT: Did you do everything described on those pages of the plea agreement?

DEFENDANT BROUSSARD:   Yes, sir.

THE COURT:   How do you plead to the offense charged in Count 1 of the superseding indictment? Guilty or not guilty?

DEFENDANT BROUSSARD:   Guilty.

THE COURT:   Do you think any other advice of rights is required before I can accept your client's plea?

MS. DeBORDE:   I do not, Your Honor.[7]

. . .

THE COURT:   . . . It is the finding of the court that [the] defendant is competent and capable of entering an informed plea, that [] defendant's plea of guilty is a knowing and voluntary plea, supported by an independent basis in fact, establishing each of the essential elements of the offense and that [the] defendant's waiver of the right to appeal and waiver of the right to collaterally attack the conviction or sentence is a knowing and voluntary waiver.

I therefore accept [the] defendant's plea of guilty and now adjudge [the] defendant guilty of Count 1.[8]

The court concludes that Broussard knowingly and voluntarily waived his right to collaterally attack his conviction or sentence and that the claims in his § 2255 motion are subject to the waiver. Accordingly, the court concludes that the waiver should be enforced and that Broussard's Motion Under 28 U.S.C. § 2255 to Vacate, Set

---

[7]Transcript of Rearraignments Before the Honorable Sim Lake, United States District Judge, Docket Entry No. 415, p. 18 line 23 through p. 21 line 9.

[8]Transcript of Rearraignments Before the Honorable Sim Lake, United States District Judge, Docket Entry No. 415, p. 24 line 20 through p. 25 line 5.

Aside, or Correct Sentence By A Person in Federal Custody should be dismissed.

Moreover, even if Broussard had not waived his right to seek relief pursuant to § 2255, his claims have no merit. In his first claim Broussard alleges that his attorney was ineffective in failing to move to suppress the evidence seized during a search of his vehicle on March 3, 2010, by the Arizona Department of Public Safety. This claim has no merit for several reasons. First, by pleading guilty (and expressly admitting his responsibility for the drugs found in this search) defendant waived the right to contest the search of his vehicle. Moreover, at his rearraignment Broussard stated under oath that his attorney had done everything requested by him and that he was satisfied with his attorney's advice. He cannot now disavow his sworn testimony to the court to complain about alleged deficiencies by his attorney.

In his second and third claims Broussard alleges that his attorney was ineffective in not objecting to the court's failure to sentence him to an agreed-upon sentence of 151 months in prison. Again, these claims are directly contradicted by the record. Defendant's Plea Agreement (Docket Entry No. 200) contains no such agreement. It expressly states in paragraphs 10 and 14 that his sentence will be determined by the court after the court has considered the sentencing guidelines and the provisions of 18 U.S.C. § 3553(a). Moreover, the transcript of defendant's

rearraignment (quoted above at p. 13 lines 22-23) reflects that the court expressly informed Broussard that "[n]o determination ha[d] been made about what [] your sentence[] will be" and that he would be bound by his guilty plea regardless of his sentence (Rearraignment, Docket Entry No. 415, p. 14 lines 18-24). When asked by the court whether "anyone [has] promised you what your sentence will be if you plead guilty," Broussard responded - "No, sir." (Rearraignment, Docket Entry No. 415, p. 20 lines 11-13) At his sentencing defendant never mentioned such an agreement with the government and stated that he had no objection to the Presentence Investigation Report, which calculated his advisory guideline range as 151 to 188 months in custody. (Transcript of Sentencing, Docket Entry No. 413, pp. 2 and 3)

Accordingly, the United States' Motion for Summary Judgment (Docket Entry No. 418) is **GRANTED**; and Broussard's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By A Person in Federal Custody (Docket Entry No. 392) is **DISMISSED**.

**SIGNED** at Houston, Texas, on this 10th day of October, 2012.

---
SIM LAKE
UNITED STATES DISTRICT JUDGE